**Kyle A. Sturm**, OSB No. 080214
ksturm@balljanik.com
**Nicholas A. Thede**, OSB No. 075460
nthede@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon 97204-3219
Phone: 503-228-2525
Fax: 503-295-1058
     Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FREHOO, INC. dba STARS CABARET & STEAK HOUSE; IHAT, INC.; JMS HOLDINGS, INC; NIMBY, LLC; NPC CONCEPTS, LLC; NPC PROPERTIES, LLC; RGK HOLDINGS, INC. fka PHOENIX HOLDINGS, INC.; SCS2, INC. dba STARS CABARET…AT THE CAPITOL; SCTO, INC. dba STARS CABARET – BRIDGEPORT; SHM HOLDINGS, INC.; WESTON COURT PROPERTIES, LLC; W.T.H., INC. dba STARS CABARET…IN THE CASCADES; AJS HOLDINGS, INC.; RANDY KAISER; TODD MITCHELL; JEFF STRUHAR; JON HERKENRATH; PAMELA COLBURN; LISA HEINZMAN-MYERS; JOHN GARRETT,**<br><br>         Plaintiffs,<br><br>     v.<br><br>**SCOTTSDALE INSURANCE COMPANY; THE BURLINGTON INSURANCE COMPANY,**<br><br>         Defendants. | Case No.<br><br>**COMPLAINT** (Declaratory Judgment, Breach of Contract)<br><br>**Jury Trial Demanded** |

Page 1  COMPLAINT
1089242\v1

For their complaint against defendants Scottsdale Insurance Company ("Scottsdale") and The Burlington Insurance Company ("Burlington"), plaintiffs Frehoo, Inc. dba Stars Cabaret & Steak House; IHAT, Inc.; JMS Holdings, Inc.; Nimby, LLC; NPC Concepts, LLC; NPC Properties, LLC; RGK Holdings, Inc. fka Phoenix Holdings, Inc.; SCS2, Inc. dba Stars Cabaret…At The Capitol; SCTO, Inc. dba Stars Cabaret – Bridgeport; SHM Holdings, Inc., Weston Court Properties, LLC; W.T.H., Inc. dba Stars Cabaret…In The Cascades; AJS Holdings, Inc., Randy Kaiser; Todd Mitchell; Jeff Struhar; Jon Herkenrath; Pamela Colburn; Lisa Heinzman-Myers; John Garrett (collectively, "Plaintiffs"), by and through their undersigned attorneys, allege as follows:

## INTRODUCTION

1.

This is an insurance coverage action. Plaintiffs were sued by two minor females in separate lawsuits alleging they suffered damages in excess of $10 million due to Plaintiffs' wrongful conduct. Defendants promised to defend some, but not all, Plaintiffs. Defendants assumed a fiduciary duty to the Plaintiffs they agreed to defend. In just over four months, Plaintiffs' defense fees and costs are in excess of $500,000. The underlying litigation will be extremely expensive to defend.

2.

After a dispute regarding selection of counsel, Defendants agreed to retain Plaintiffs' defense counsel with the understanding that each insurance company would bear half of defense counsel's ordinary hourly rate. Since that time, Defendants have disavowed that arrangement, instead collectively agreeing to pay a significantly smaller percentage of counsel's rate. Plaintiffs' defense counsel will be/has been forced to withdraw based on non-payment from

Defendants.

3.

Early in the underlying cases, Defendants made it clear that they would not attempt to resolve the underlying lawsuits in good faith. Rather, Defendants decided to let a related Bureau of Labor and Industries ("BOLI") matter move forward to their policyholders' prejudice and without any good faith attempt to meaningfully resolve the underlying lawsuits. Defendants had an opportunity to attempt settlements of the underlying lawsuits within policy limits. Defendants squandered that opportunity. Defendants' motivation for forcing the BOLI proceeding to go forward is to gather evidence that is harmful to Plaintiffs' insurance coverage claims and to limit any otherwise available coverage to Plaintiffs. In doing so, Defendants placed their own interest ahead of Plaintiffs' interest, in violation of Defendants' fiduciary duty of good faith and fair dealing.

4.

Frehoo, Inc. was faced with real possibilities of catastrophic financial harm in the BOLI hearing, no commitment from the Defendants to honor their contractual and good faith obligations to defend and indemnify Plaintiffs, and expensive civil litigation, and was forced to file for bankruptcy. It is likely that other Plaintiffs will be forced down the same path without a solid commitment from Defendants to honor their obligations to Plaintiffs.

5.

Plaintiffs seek declaratory relief requiring Defendants to defend all Plaintiffs and to move forward with the defense of the underlying lawsuits in good faith, and breach of contract damages arising from the failure to compensate Plaintiffs for defense fees and costs.

## PARTIES

6.

Frehoo, Inc. dba Stars Cabaret & Steak House, ("Frehoo") is an Oregon corporation with its principal place of business in Beaverton, Oregon.

7.

IHAT, Inc., ("IHAT") is an Oregon corporation with its principal place of business in Boulder, Colorado.

8.

JMS Holdings, Inc., ("JSM Holdings") is an Oregon corporation with its principal place of business in Tigard, Oregon.

9.

Nimby, LLC, ("Nimby") is an Oregon limited liability company with its principal place of business in Tigard, Oregon.

10.

NPC Concepts, LLC, ("NPC Concepts") is an Oregon limited liability company with its principal place of business in Tigard, Oregon.

11.

NPC Properties, LLC, ("NPC Properties") is an Oregon limited liability company with its principal place of business in Beaverton, Oregon.

12.

RGK Holdings, Inc. fka Phoenix Holdings, Inc., ("RGK") is an Oregon corporation with its principal place of business in Bend, Oregon.

13.

SCS2, Inc., dba Stars Cabaret…At The Capitol, ("SCS2") is an Oregon corporation with its principal place of business in Salem, Oregon.

14.

SCTO, Inc., dba Stars Cabaret – Bridgeport, ("SCTO") is an Oregon corporation with its principal place of business in Tigard, Oregon.

15.

SHM Holdings, Inc., ("SHM") is an Oregon corporation with its principal place of business in Tigard, Oregon.

16.

Weston Court Properties, LLC, ("Weston Court") is an Oregon limited liability company with its principal place of business in Salem, Oregon.

17.

W.T.H., Inc., dba Stars Cabaret…In The Cascades, ("W.T.H.") is an Oregon corporation with its principal place of business in Bend, Oregon.

18.

AJS Holdings, Inc., ("AJS") is an Oregon corporation with its principal place of business in Beaverton, Oregon.

19.

Randy Kaiser ("Kaiser") is an individual residing in Oregon.

20.

Todd Mitchell ("Mitchell") is an individual residing in Oregon.

21.

Jeff Struhar ("Struhar") is an individual residing in Oregon.

22.

Jon Herkenrath("Herkenrath") is an individual residing in Oregon.

23.

Pamela Colburn ("Colburn") is an individual residing in Colorado.

24.

Lisa Heinzman-Myers ("Heinzman-Myers") is an individual residing in Colorado.

25.

John Garrett ("Garrett") is an individual residing in Colorado.

26.

Scottsdale Insurance Company ("Scottsdale") is an Ohio corporation with its principal place of business in Scottsdale, Arizona, and doing business in Oregon.

27.

The Burlington Insurance Company ("Burlington") is a North Carolina corporation with its principal place of business in Burlington, North Carolina, and doing business in Oregon.

**JURISDICTION AND VENUE**

28.

This court has personal jurisdiction over all parties because Defendants transact business in Oregon.

29.

This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between the parties. The amount in

controversy exceeds the sum of $75,000. Venue lies with this court pursuant to 28 U.S.C. § 1391(a), because the event which give rise to this dispute occurred in Oregon.

## GENERAL ALLEGATIONS

30.

This action derives from facts and allegations within two underlying cases, which remain under adjudication in Oregon.

31.

The Plaintiffs are insured under commercial general liability policy number BCS0026579 issued by Scottsdale for the policy period of December 24, 2011, to December 24, 2012 ("Scottsdale Policy").

32.

The Plaintiffs are also insured under commercial general liability policy numbers HGL0033175, HGL0036881, HGL0040279, and HGL0042769 for the policy periods of December 24, 2012, to December 24, 2016 ("Burlington Policies" and together with the Scottsdale Policy, the "Policies").

33.

The Plaintiffs are named as defendants in *S.H., a minor, by Ashley Vaughn, as her Guardian ad Litem v. Frehoo, Inc., et al.,* Washington County Circuit Court Case No. 16CV21469 (the "S.H. Lawsuit"), and in *A.G., a minor, by Josh Lamborn, as her Guardian ad Litem* v. Frehoo, Inc. v. Frehoo, Inc., et al., Washington County Circuit Court Case No. 16CV21468 (the "A.G. Lawsuit" and collectively the "Underlying Lawsuits").

34.

The Policies provide insurance coverage to the Plaintiffs, and by which Scottsdale and

Burlington agreed to, among other things, pay those sums that the Plaintiffs became legally obligated to pay because of bodily injury and further to defend the Plaintiffs against all claims seeking potentially covered damages.

35.

Burlington initially declined to defend the Plaintiffs against the Underlying Lawsuits. It later reversed course, however, and agreed to defend Frehoo, SCS2, SCTO, Weston Court and W.T.H. subject to a reservation of rights.

36.

On September 8, 2016, Burlington agreed to defend the entities referenced in paragraph 35 above subject to a reservation of rights to deny or otherwise limit coverage based upon several policy provisions, including exclusions for Expected or Intended Injury, Employer's Liability, and Sexual Action.

37.

Burlington later acknowledged that the Sexual Action exclusion did not apply to Burlington Policies issued for the policy periods of December 24, 2012, to December 24, 2014. The entities described in paragraph 35 agreed to Burlington's defense subject to this understanding and the policy provisions cited in a September 8, 2016, letter from Burlington.

38.

On September 23, 2016, approximately two weeks prior to a scheduled mediation, Burlington changed its position. It attempted to alter the terms of the agreed-upon provisions under which it agreed to defend the entities described in paragraph 35 above. For the first time, Burlington attempted to reserve its rights to rely upon an "Assault and Battery" exclusion and a limited coverage for assault and battery (Coverage D), which purports to limit coverage to

$100,000 for defense and indemnity coverages.

39.

The provisions referenced in paragraph 38 above do not limit Burlington's defense obligations to the aggregate amount of $100,000.

40.

Shortly after sending the September 23, 2016 letter, Burlington then changed its position again. This time, it advised the Plaintiffs that the Sexual Action exclusion (which it earlier disclaimed as to the first two policy years) was part of the December 24, 2013 to December 24, 2014 policy. It was not.

41.

Scottsdale also agreed to defend some of the Plaintiffs against the S.H. Lawsuit. It agreed to defend Frehoo, SCS2, SCTO, Weston Court, W.T.H., JMS Holdings, SHM Holdings, RGK, IHAT, NPC Concepts, Nimby, Kaiser, and Garrett subject to a reservation of rights. These Plaintiffs accepted that defense.

42.

Following the mediation of the Underlying Lawsuits, Scottsdale also attempted to alter the terms under which it agreed to provide a defense. Specifically, Scottsdale purported to reserve its rights under an Employment-Related Practices Exclusion.

43.

The claimants in the Underlying Lawsuits provided demands to Plaintiffs in which they demanded the full limits of the Policies. These demands were provided to Scottsdale and Burlington.

44.

Scottsdale and Burlington refused to negotiate a settlement of the Underlying Lawsuits in good faith. Instead, they extended unreasonably low offers that would never be accepted by the claimants, and which had no chance of resolving the Underlying Lawsuits.

45.

As a result of the failure to achieve a settlement of the Underlying Lawsuits, a BOLI action proceeded against Frehoo, the main target in the Underlying Lawsuits.

46.

Upon information and belief, Scottsdale and Burlington intentionally refused to negotiate a settlement in good faith to force the BOLI hearing to go forward and to use information exchanged in the BOLI hearing to either exclude or otherwise limit coverage for Plaintiffs. Defendants refuse to provide coverage for any of Plaintiffs' fees or costs relating to the BOLI action despite nearly identical allegations between it and the Underlying Lawsuits.

47.

Faced with mounting legal fees, the possibility of a large exposure in the BOLI hearing, and judgment in the Underlying Lawsuits above policy limits, Frehoo was forced to file bankruptcy. This bankruptcy was made necessary in light of Scottsdale's and Burlington's refusal to negotiate a settlement of the Underlying Lawsuits in good faith.

48.

Scottsdale has paid $0 in defense fees or costs. Burlington has paid a small fraction of reimbursable defense fees and costs.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment – Duty to Defend)

49.

An actual and justiciable controversy exists between the parties regarding Defendant's duty to defend the Plaintiffs in the Underlying Lawsuit.

50.

The Plaintiffs seek a declaration as to Scottsdale that it must (a) defend all Plaintiffs against the S.H. Lawsuit, (b) reimburse Plaintiffs' defense counsel's fees and costs at their ordinary rate, (c) reimburse Plaintiffs' fees and costs relating to the BOLI action to the extent that they relate to or otherwise assist in the defense of the S.H. Lawsuits, and (d) attempt to settle the S.H. Lawsuit in good faith within policy limits.

51.

The Plaintiffs seek a declaration as to Burlington that it must (a) defend all Plaintiffs against the Underlying Lawsuits, (b) reimburse Plaintiffs' defense counsel's fees and costs at their ordinary rate, (c) reimburse Plaintiffs' fees and costs relating to the BOLI action to the extent that they relate to or otherwise assist in the defense of the Underlying Lawsuits, and (d) attempt to settle the Underlying Lawsuits in good faith within policy limits.

52.

As to Burlington, the Plaintiffs also seek a declaration that the "Assault and Battery" Exclusion does not affect the Plaintiffs right to a full defense, that Coverage D does not limit all available coverages to $100,000, and that the "Sexual Action" Exclusion is not part of the December 12, 2012, to December 12, 2014, Burlington Policies.

## SECOND CLAIM FOR RELIEF
(Breach of Contract – Duty to Defend)

53.

Burlington denied the duty to defend to IHAT, JMS Holdings, Nimby, NPC Concepts, NPC Properties, RGK Holdings, SHM Holdings, AJS Holdings, Kaiser, Mitchell, Struhar, Herkenrath, Colburn, Heinzman-Myers and Garrett.

54.

Burlington agreed to defend Frehoo, SCS2, SCTO, Weston Court and W.T.H., but has not paid any defense fees or costs incurred by these entities.

55.

Scottsdale denied the duty to defend to NPC Properties, AJS Holdings, RGK Holdings, Mitchell, Struhar, Herkenrath, Colburn, and Heinzman-Myers.

56.

Scottsdale agreed to defend Frehoo, SCS2, SCTO, Weston Court, W.T.H., JMS Holdings, SHM Holdings, IHAT, NPC Concepts, Nimby, Kaiser, and Garrett.

57.

Scottsdale denied the duty to defend to NPC Properties, RGK Holdings, Weston Court, AJS Holdings, Mitchell, Struhar, Herkenrath, Colburn, and Heintzman-Myers.

58.

Defendants breached their duty to defend by failing to defend the plaintiffs identified in paragraphs 55 and 57 above, and by failing to fully reimburse those plaintiffs identified in paragraphs 54 and 56 for all defense fees and costs incurred in defending against the Underlying Lawsuits.

59.

Plaintiffs have incurred in excess of $500,000 in defense fees and costs as a result of Defendants' breach of the duty to defend.

60.

Plaintiffs' seek attorney fees pursuant to ORS 742.061.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment as follows:

A.  Judgment in their favor and against Defendants;

B.  Damages in an amount to be proven at trial;

C.  Pre-judgment and post-judgment interest at the maximum legal rate;

D.  Attorney fees pursuant to ORS 742.061, costs, and disbursements; and

E.  Any other relief the Court finds just or equitable.

DATED: December 1, 2016                Respectfully submitted,


By:/s/ Kyle A. Sturm
    Kyle A. Sturm, OSB # 080214
    Nicholas A. Thede, OSB # 075460

Attorneys for Plaintiff